**UNITED STATES of America ex rel. William H. BANKS, Appellant,**

v.

**Robert J. HENDERSON et al., Appellees.**

**No. 907, Docket 75–2022.**

United States Court of Appeals, Second Circuit.

Submitted April 18, 1975.

Decided April 18, 1975.

E. Thomas Boyle, New York City (William J. Gallagher, The Legal Aid Society, New York City, on the brief), seeking to be relieved as counsel.

Arlene R. Silverman, Asst. Atty. Gen. of N. Y., for appellees, seeking dismissal of the appeal.

Before KAUFMAN, Chief Judge, and LUMBARD and SMITH, Circuit Judges.

PER CURIAM:

For the reasons stated by Judge Frankel in denying Banks's petition for a writ of habeas corpus, 74 Civ. 3882 (S.D. N.Y., Nov. 19, 1974), we grant the Legal Aid Society's motion under Anders v. California, 386 U.S. 738, 774, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) to be relieved as counsel, and dismiss the appeal.

This case presents one novel, though frivolous, claim, on which we deem it necessary to comment briefly in order to clarify the law within the circuit. Banks was arrested and confessed on August 28, 1964, and sentenced on October 19, 1965 upon a plea of guilty. After the state courts overturned his guilty plea, he was retried in 1971, when his confessions, obtained without the admonitions required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were introduced.

Banks concedes that under Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253 (1969), confessions obtained without *Miranda* warnings are admissible in retrials commencing after *Miranda* if the original trial occurred before *Miranda* was decided. But he maintains that a different rule should apply where the pre-*Miranda* conviction resulted from a guilty plea rather than a trial. We fail, however, to find any reasoned basis for this distinction. The rationale of *Jenkins* was that law enforcement officials who had in good faith relied on then-admissible incriminating confessions to establish their case should not be required, many years after the event, to seek alternative evidence because the confession would be inadmissible under *Miranda's* prophylactic rule. 395 U.S. at 220–21, 89 S.Ct. 1677. This policy is equally applicable whether the original proceeding was a trial or a guilty plea. United States v. Kienlen, 415 F.2d 557, 559 (10th Cir. 1969).